UNITED STATES of America,
Plaintiff—Appellee,

v.

Huey Jacque CARTER, Defendant—
Appellant.

No. 05–50046.

United States Court of Appeals,
Ninth Circuit.

Submitted July 15, 2005.*

Decided July 20, 2005.

Tyson Walch, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

Huey Jacque Carter appeals the district court's eleven-month sentence imposed after revoking his supervised release for violating the conditions of the supervised release order. Carter contends that at the time the district court imposed its sentence, a dispute existed regarding his Criminal History Category that the district court was required to resolve under Fed.R.Crim.P. 32(i)(3)(B). Consequently,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

he claims, his sentence should be vacated and the matter remanded. As the facts are familiar to the parties, we do not repeat them here. We affirm the district court's ruling.

We have previously found Fed. R.Crim.P. 32(i)(3)(B) violations when a district court has failed to make findings when faced with disputes affecting sentencing, including disputes concerning the presentence report. *See, e.g., United States v. Thomas,* 355 F.3d 1191 (9th Cir. 2004); *United States v. Carter,* 219 F.3d 863, 866 (9th Cir.2000); *United States v. Houston,* 217 F.3d 1204, 1207 (9th Cir. 2000).

In this case, none of the essential facts was controverted. Carter contends that there was a controverted matter regarding his Criminal History Category. To avoid controversy, the government agreed that Carter should be sentenced according to his own understanding of the applicable Category. By so doing, the government negated any possible controversy concerning Carter's Criminal History Category.

This Court has held that without a "controverted matter," a ruling by the district court is unnecessary. *United States v. Maldonado,* 215 F.3d 1046, 1048 (9th Cir. 2000). We therefore hold there was no violation of Fed.R.Crim.P. 32(i)(3)(B), and affirm the district court's sentence.

AFFIRMED.