**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Antonio CARDENAS–DIAZ,
Defendant–Appellant.**

No. 04–50197.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Feb. 15, 2006.

Becky S. Walker, Esq., Scott M. Garringer, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant.

Before: CANBY, SILER,* and BERZON, Circuit Judges.

MEMORANDUM **

Defendant Jose Antonio Cardenas–Diaz appeals his sentence on the basis that it violated his Sixth Amendment rights under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and, if not, that his sentence should be vacated and remanded under *United States v. Booker,* 543 U.S. 220, ——, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005). For the reasons set forth below, the sentence is affirmed.

## I. Background

Cardenas–Diaz was charged with conspiracy to sell, and possession with the intent to distribute, almost four kilograms (more than 500 grams) of methamphetamine in violation of 21 USC §§ 841 and 846. He pled guilty to the charges without a plea agreement and was sentenced to 120 months in prison. The 120–month prison term was the statutory mandatory minimum for a conviction with a quantity greater than 500 grams of methamphetamine. *See* 21 USC § 841(b)(1)(A)(viii) (2002).

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II. Discussion

Neither of Cardenas–Diaz's bases of appeal was raised below. Therefore, to "warrant relief the error must constitute plain error.... An error is plain if it is 'contrary to established law at the time of appeal.'" *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005) (en banc).

### A.

█ Cardenas–Diaz contends that the district court's findings of fact as to his criminal history and the amount of methamphetamine attributable to him violated his Sixth Amendment rights under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, where the fact in issue is admitted by the defendant, there is no Sixth Amendment violation. *See Blakely,* 542 U.S. at 303, 124 S.Ct. 2531 ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.") (emphasis omitted).

The fact that Cardenas–Diaz did not admit the drug amount during the guilty plea phase is immaterial because he admitted the amount during the sentencing phase. *See United States v. Buckland,* 289 F.3d 558, 569–70 (9th Cir.2002) (en banc). For sentencing purposes, a district court is permitted to accept as conclusive any undisputed facts in the Presentence Report ("PSR"). *See* FED. R.CRIM. P. 32(i)(3)(A). Here, the PSR indicated that the base level for the offense was predicated on "drug quantity" which was "3.9312 kilograms of [methamphetamine]." Part D stated that the sentencing range was "10 years mandatory minimum, Life maximum per count; 21 USC 841(b)(1)(A)," which applied because Cardenas–Diaz was liable for over 500 grams of methamphetamine. Cardenas–Diaz's written response to the PSR stated that "Defendant has no objections to the Presentence Report.... Defendant asks this court to follow the recommendation in the PSR ..." and that "Defendant submits that notwithstanding the fact his guideline range would be 70–87 months ... a ten year mandatory sentence applies in this case pursuant to 21 USC 841(b)(1)(A)(viii)." Furthermore, the transcript of the sentencing hearing shows that Cardenas–Diaz at the very least acquiesced to the determination that he was liable for over 500 grams of methamphetamine. Therefore, the district court's finding that Cardenas–Diaz was liable for over 500 grams of methamphetamine was not plain error. *Cf. Buckland,* 289 F.3d at 569–70 (holding that district court's finding of drug quantity pursuant to defendant's express admission to amount in PSR was not plain error under *Apprendi*).

This analysis highlights the key distinction between this case and *United States v. Thomas,* 355 F.3d 1191 (9th Cir.2004), on which Cardenas–Diaz relies. In *Thomas,* the defendant disputed the factual allegations in the PSR as to the quantity of cocaine for which he was liable throughout the proceedings and also requested a jury trial to determine the quantity both in writing before, and orally at, the sentencing hearing. *See id.* at 1198–1202. Here, Cardenas–Diaz made no effort to contest the drug amount at any time.

### B.

█ As to Cardenas–Diaz's second basis of appeal, because he received a statutorily mandated minimum sentence, there was no plain error under *Booker. See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (*"Booker* does not bear on mandatory minimums.").

**AFFIRMED.**