UNITED STATES of America,
Plaintiff—Appellee,

v.

Elizabeth MADRIGAL, aka Betty
Madrigal, aka Liz Madrigal,
Defendant—Appellant.

No. 04–50419.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Filed March 3, 2006.

Stephanie Y. McCaffrey Fax, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Mark A. Pittman, Esq., Pittman Law Group, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER and CALLAHAN, Circuit Judges, and

ENGLAND,* District Judge.

## MEMORANDUM **

Appellant–Defendant Elizabeth Madrigal appeals the sentence imposed following her guilty plea to charges of conspiracy (18 U.S.C. § 371), wire fraud (18 U.S.C. § 1343), and money laundering (18 U.S.C. § 1956(a)(A)(I)). We consider each of her arguments in turn and affirm.[1]

■ Appellant argues that the district court misapplied U.S.S.G. § 2B1.1(b)(1) by not undertaking an independent calculation of the actual and intended loss associated with Appellant's wrongdoing, by measuring loss based on the full amount of the loans charged without subtracting all funds received by the United States Department of Housing and Urban Development (HUD) offsetting some of the loss, and by incorrectly finding that Appellant had admitted loss amounts at the plea stage. We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Randall, 162 F.3d 557, 560 (9th Cir.1998).

While the district court's explanation at the sentencing hearing was not a model of clarity, the district court did make clear that it had considered the loss calculations submitted by each of the parties and by the Probation Office's PSR and addendums to the PSR. Furthermore, the government's final calculations, ultimately adopted by the district court, constituted an accurate analysis of the loss. Contrary to Appellant's argument, the price received for the sale of each of the foreclosed properties was subtracted in calculating the loss associated with each foreclosed mortgage loan. In addition, as sought by Appellant, the government removed the four properties for which it had not furnished documentation and deducted various taxes, maintenance, and sales expenses. Given the district court's consideration of each parties' sentencing positions, its use of the government's final proposed loss figure did not constitute a failure "to take a realistic, economic approach to determine what losses the defendant truly caused or intended to cause." United States v. W. Coast Aluminum Heat Treating Co., 265 F.3d 986, 991 (9th Cir.2001) (quoting United States v. Allison, 86 F.3d 940, 943 (9th Cir.1996)). We therefore reject Appellant's first claim.

■ Second, Appellant claims that the district court failed to make the specific findings required by Rule 32 of the Federal Rules of Criminal Procedure with regard to Appellant's objections to the Pre–Sentence Report (PSR). We review de novo the district court's compliance with Rule 32. United States v. Herrera–Rojas, 243 F.3d 1139, 1142 (9th Cir.2001). Rule 32 requires the district court, at the sentencing hearing, to "rule on any unresolved objections to the presentence report. . . . For each matter controverted, the court must make a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed. R.Crim. Pro. 32(c)(1). Strict compliance with Rule 32 is required. Herrera–Rojas, 243 F.3d at 1142.

Appellant contends that the district court did not address her objections as to

---

* The Honorable Morrison C. England, United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Given the parties' familiarity with the facts underlying this case, we do not repeat them here in any detail.

the loss calculations, namely her contention that specific amounts should be subtracted from the probation officer's actual loss calculation in the PSR and the probation officer's methodology in calculating loss. Appellant relies inaccurately on *United States v. Thomas*, 355 F.3d 1191 (9th Cir.2004). In contrast to that case, the district court did not adopt the figure in the indictment ($4 million) as the loss for which Appellant was responsible. The district court considered this amount in addition to the positions of each of the parties and that of the Probation Office but ultimately adopted the government's calculation, not $4 million. Because Appellant's Rule 32 argument is based on her assertion that the district court's sentence was based on facts allegedly not admitted (a loss of $4 million) we find this claim to be meritless.

Finally, Appellant argues that *Booker* error in her sentencing requires a limited remand for re-sentencing. *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005). Appellant first asserts that the district court enhanced her sentence based on facts not proved to a jury or admitted by her. In addition, she argues that the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a) in calculating Appellant's alternate sentence in the event that the mandatory Sentencing Guidelines were ultimately held unconstitutional. We disagree with Appellant on both grounds. First, the district court sentenced Appellant after independently reviewing and adopting the government's accurate calculations of loss, not based on the figure in the indictment, which Appellant says that she did not admit.

As to the second alleged ground of *Booker* error, the district court's discussion of the alternate sentence imposed takes into account the factors set forth in 18 U.S.C. § 3553(a). In particular he considered the hardship to her four children that would result from her incarceration and rejected a downward departure on that basis. The district judge articulated that, in computing the alternate sentence, he had considered the factors enunciated in Sentencing Guidelines. *See Ameline*, 409 F.3d at 1077 ("[I]f a particularly prescient sentencing judge, pre-*Booker*, had made and used the same extra-verdict findings under the same mandatory guidelines regime, but made clear that he was treating the Guidelines as advisory rather than binding, no Sixth Amendment violation would have occurred under *Booker*.")

AFFIRMED.