UNITED STATES of America,
Plaintiff–Appellee,

v.

Shahnam DAVANI, aka: Shahnam
Davanizadeh, Defendant–
Appellant.

No. 06–10125.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2006.*

Filed Dec. 13, 2006.

Erika R. Frick, USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Christopher J. Cannon, Esq., Sugarman & Cannon, San Francisco, CA, for Defendant–Appellant.

Before: HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Shahnam Davani appeals the district court's sentence of 37 months' imprisonment following his guilty plea to mail, wire, and bank fraud. 18 U.S.C. §§ 1341, 1343, 1344. We affirm.

I

The district court did not err in applying the preponderance of the evidence standard to Davani's sentence enhancement. Davani was not entitled to have his sentencing factors found beyond a reasonable doubt, as in *United States v. Thomas,* 355 F.3d 1191 (9th Cir.2004), and *United States v. Banuelos,* 322 F.3d 700 (9th Cir. 2003), because he was not exposed to a higher statutory maximum than he might have otherwise received based solely on his plea admissions. *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc). Those statutory maximums were five years and thirty years, whereas at most he was exposed to a sentence of 46 months imprisonment. In the absence of an *Apprendi* violation, "the preponderance of the evidence standard generally satisfies due process concerns." *United States v. Staten,* 466 F.3d 708, 717 (9th Cir.2006). *See also United States v. Dare,* 425 F.3d 634, 642 (9th Cir.2005).[1]

Davani also failed to show that his sentence enhancement "ha[d] an extremely disproportionate effect on the sentence imposed," *Staten,* 466 F.3d at 718, such that we would require the district court to apply the clear and convincing evidence standard. Most of the six factors used to determine whether there has been an extremely disproportionate effect are not applicable to Davani's sentence. *See United States v. Jordan,* 256 F.3d 922, 928–29 (9th Cir.2001). Those that are applicable demonstrate that there was no extremely disproportionate effect because the enhancement increased his sentence by only four offense levels and did not more than double the sentence authorized by the guideline range stated in his plea agreement. *Id.; United States v. Johansson,* 249 F.3d 848, 855–56 (9th Cir.2001); *United States*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. For this reason, we need not apply the doctrine of constitutional avoidance.

*v. Hopper,* 177 F.3d 824, 833 (9th Cir. 1999). Thus, because neither a reasonable doubt nor a clear and convincing evidence standard is required, "the preponderance of the evidence standard ... satisfies due process concerns" on the facts of this case. *Staten,* 466 F.3d at 717; *Dare,* 425 F.3d at 642.

## II

Our decision in *United States v. Dupas,* 419 F.3d 916, 919–21 (9th Cir.2005), forecloses the argument that the application of *Booker's* remedial holding to sentencing determinations on direct review violates retroactivity concerns. *See Staten,* 466 F.3d at 714; *United States v. Torres–Hernandez,* 447 F.3d 699, 706 (9th Cir.2006).

## III

The district court did not err in finding that Davani intended to cause a loss of over $1.5 million. As admitted in his plea agreement, Davani knew at the time he deposited the check that he "did not have sufficient funds to cover the transaction, and ... did not have a reasonable expectation that sufficient funds would be available by the time the check cleared." Davani also acknowledged that he "intended to defraud" First American Title Company ("FAT"). As a result of these misrepresentations, "FAT closed escrow on the transaction and transferred funds, ... and title to the property was conveyed" to Davani. These statements provide sufficient evidence to support the district court's finding, by a preponderance of the evidence, that Davani intended to cause a loss of $1.65 million. This was not a case in which the defendant repaid the money before detection. *Cf. United States v. Stoddard,* 150 F.3d 1140, 1146 (9th Cir.

1998). Davani was detected by FAT before he repaid the loss, and FAT received its money only after filing a civil suit to force the sale of the property.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.