**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Thomas COKONIS, Defendant—
Appellant.**

No. 06–10172.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2007.

Filed April 26, 2007.

Cynthia R. Wood, Esq., Office of the U.S. Attorney, Evo A. Deconcini, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esq., Tucson, AZ, for Defendant–Appellant.

Before: FERGUSON, REINHARDT, and Milan D. SMITH, Jr., Circuit Judges.

## MEMORANDUM *

Thomas Cokonis appeals his conviction under the two-count superceding indictment, which charged him with conspiracy to distribute a substance containing approximately five pounds of methamphetamine and distribution of approximately 40.6 grams of 98% pure "Ice" methamphetamine. He also appeals his 240–month sentence. As the parties are familiar with the facts of the case, we recount them only as necessary to support the court's decisions. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

■ The district court did not err by refusing to accept Cokonis's proffered guilty plea in which he admitted the offense conduct charged in both counts but refused to admit the alleged drug quantities. We recognize that a defendant may generally plead to the elements of a drug offense without admitting the drug quantity, *United States v. Patterson*, 381 F.3d 859, 866 (9th Cir.2004); *United States v. Thomas*, 355 F.3d 1191, 1198 (9th Cir. 2004), and that the sentencing court in such a case shall either empanel a jury to determine the quantity of the drugs, or, if the defendant has waived the right to a jury trial, the court shall make that finding beyond a reasonable doubt. *Thomas*, 355 F.3d at 1202 (citing *United States v. Banuelos*, 322 F.3d 700, 702, 705–06, 706 n. 2 (9th Cir.2003)). However, Cokonis objected to the district court empaneling a jury to determine the quantity of drugs (as the government had suggested) *and* he refused to waive his right to a jury determination, which would have allowed the court to make a finding as to drug quantity. Cokonis objected to a jury determination *and* barred any determination by the court. Cokonis's position, in conjunction with his plea to the offense but not to the quantity, left no feasible option for the district court, and thus the court did not err in refusing to accept the plea.

The government timely filed its sentencing enhancement information pursuant to 21 U.S.C. § 851. The government filed the information "before trial" and Cokonis had reasonable notice of the government's basis for seeking an enhanced sentence as well as ample opportunity to challenge the prior conviction on which the § 851 information relied. 21 U.S.C. § 851(a)(1); *see United States v. Mayfield*, 418 F.3d 1017, 1020 (9th Cir.2005). Therefore, the government was not required to refile the § 851 information following the superceding indictment.

■ Applying the modified categorical approach of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the district court properly determined that Cokonis's prior Arizona conviction for second-degree burglary (coupled with his unchallenged drug conviction in Colorado) qualified him as a career offender under § 4B1.1 of the sentencing guidelines. The indictment, plea agreement, and transcript of the plea colloquy contain the factual basis for the plea as admitted by Cokonis. Those documents unequivocally establish that Cokonis's Arizona burglary conviction constituted burglary of an occupied home, which qualifies as "burglary of a dwelling" under § 4B1.2 of the guidelines. *See United States v. Martinez–Martinez*, 468 F.3d 604, 613–14 (9th Cir.2006). Therefore, Cokonis's Arizona conviction constituted a "crime of violence" under § 4B1.1 of the guidelines and the career offender enhancement was applicable.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Even assuming, *arguendo*, that the district court erred in applying the career offender enhancement under § 4B1.1 of the guidelines, that error was harmless because the district court sentenced Cokonis to the statutory minimum.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.