**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50622 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03510-LAB-1 |
| v. | |
| RICARDO CORDERO-ONTIVEROS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 9, 2010[**]
Pasadena, California

Before: PREGERSON and CLIFTON, Circuit Judges, and HOLLAND, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

Defendant - Appellant Ricardo Cordero-Ontiveros ("Cordero"), a citizen of Mexico, appeals his 24-month sentence for being a deported alien found in the United States under 8 U.S.C. § 1326. For the reasons outlined below, we affirm the district court.

Under de novo review, *United States v. Thomas*, 355 F.3d 1191, 1194 (9th Cir. 2004), the district court did not violate Federal Rule of Criminal Procedure 32. The district court resolved any factual dispute about alien smuggling when it definitively ruled that "there is no proof of alien smuggling." After this ruling, the court did not again refer to alien smuggling. The court also explicitly stated that it accepted "at face value" Cordero's explanation that he crossed the border for the sole purpose of finding work to support his family. The court said, "I take your word for it that [Cordero's] reasons are to find a job and find opportunity."

Cordero claims that the district court abused its discretion by basing its sentencing decision on unreliable allegations of alien smuggling. Because the district court explicitly found *no* evidence of alien smuggling, and therefore did not base its sentence on such evidence, Cordero's claim fails. *Cf. United States v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995) (holding that the district court abuses its discretion if it bases its sentence on materially false or unreliable information).

Finally, the imposition of a 24-month sentence was not unreasonable. The court considered the relevant sentencing factors under 18 U.S.C. § 3553(a), and

was within its discretion to give the greatest weight to the factor of deterrence, especially because this was the fourth time Cordero had been convicted under 8 U.S.C. § 1326. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). It was logical and reasonable for the district court to use Cordero's past sentences as a starting point for setting his new sentence, given that those prior sentences had been insufficient to deter Cordero from violating § 1326 again. Contrary to Cordero's assertion, the district court did not fail to meaningfully consider the correct range under the U.S. Sentencing Guidelines. The court began the sentencing hearing with a discussion of the guideline range, repeatedly referred back to that range throughout the hearing when weighing the § 3553(a) factors, and provided detailed reasoning for varying upwards from the guidelines. Thus, the district court properly used the Sentencing Guidelines as "the starting point and the initial benchmark[,]" *Gall v. United States*, 552 U.S. 38, 49 (2008), and kept the Guidelines in mind throughout the process. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

**AFFIRMED.**