**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-10255 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00235-KJM-1 |
| v. | |
| EDWARD CHARLES GASTON, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-10272 |
| Plaintiff-Appellant, | D.C. Nos. 2:17-cr-00235-KJM-1 2:17-cr-00235-KJM |
| v. | |
| EDWARD CHARLES GASTON, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted July 12, 2024
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HIGGINSON[**], MENDOZA, and DESAI, Circuit Judges.

Edward Charles Gaston appeals his guilty-plea conviction for distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The United States cross appeals the district court's decision not to apply the ten-year mandatory minimum established in 21 U.S.C. § 841(b)(1)(A)(viii) to Gaston's sentence.

We begin with Gaston's direct appeal. Gaston's counsel filed a brief stating that Gaston has no grounds for relief, along with a motion to withdraw as counsel of record, pursuant *to Anders v. California*, 386 U.S. 738 (1967). We permitted Gaston to file a pro se supplemental brief. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988) discloses no arguable grounds for relief on direct appeal. So we grant Gaston's counsel's motion to withdraw on Gaston's direct appeal. But because Gaston's counsel submitted briefing and appeared at oral argument on the United States' cross-appeal, we deny as moot the motion to withdraw on cross-appeal.

We turn now to the United States' cross-appeal. We review de novo the district court's determination that Gaston did not explicitly admit drug purity such that the ten-year mandatory minimum does not apply to him. *See United States v. Thomas*, 355 F.3d 1191, 1194 (9th Cir. 2004). We affirm.

---

[**] The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

It is well settled that "drug quantity and type are not formal elements of the offense set out in 21 U.S.C. § 841." *United States v. Hunt*, 656 F.3d 906, 912 (9th Cir. 2011). Instead, we conceive of drug quantity and type as sentencing factors that "must be found by a jury or admitted by the defendant." *United States v. Jauregui*, 918 F.3d 1050, 1055 (9th Cir. 2019). Indeed, "[t]he government has the burden 'at the plea colloquy to seek an explicit admission of any unlawful conduct it seeks to attribute to the defendant,'" including drug quantity and type. *Thomas*, 355 F.3d at 1199 (quoting *United States v. Cazares*, 121 F.3d 1241, 1248 (9th Cir. 1997)). In assessing whether the defendant explicitly admitted drug quantity or purity, we consider the record in its totality and determine "what the defendant actually agreed to." *Id*.

The transcript of the plea colloquy at issue here is messy. At the start of the change-of-plea hearing, the district court had the United States read aloud the elements of the offense. The court then asked Gaston: "So you do understand that those are the elements that the government would have to prove if you went to trial?" Gaston replied, "Yes, not that I knew it was actual, but I knew it was drugs." The United States stated, however, that "[w]hether it's . . . actual or a mixture of substance, that bears on the sentence that will be imposed, but it's not one of the elements of the substantive offense itself." Later, the court had the United States read the factual basis for the plea into the record. In relevant part, it

3

stated that the bag that Gaston sold the confidential informant "contain[ed] 217.7 grams of actual methamphetamine." The court asked Gaston: "Do you agree that that accurately states what happened and to the extent it describes what you did, it accurately states what you did?" Gaston replied, "Yes, Your Honor. It accurately states what I did." The court asked: "And you otherwise agree with that statement of facts?" to which Gaston replied, "Yes, Your Honor."

We cannot glean much from Gaston's statements during the plea colloquy. Gaston created ambiguity when he asserted "not that I knew it was actual, but I knew it was drugs." But rather than seek clarity, the United States further muddied the waters by representing that "[w]hether it's . . . actual or a mixture of substance, that bears on the sentence." Thus, when we look at the transcript as a whole and in light of those comments, we find it difficult to surmise what Gaston "actually agreed to." *Thomas*, 355 F.3d at 1199. And because the transcript is ambiguous and leaves room for inference, we cannot say that the United States carried its burden to secure an explicit admission of drug purity. *See Cazares*, 121 F.3d at 1248.

**AFFIRMED.**[1]

---

[1] We deny as moot the various pro se filings on the dockets for the direct and cross appeals.