**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Oscar SAENZ, Defendant–Appellant.**

No. 98–10175.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1999.

Filed June 2, 1999.

S. Jonathan Young, Tucson, Arizona, for the defendant-appellant.

Richard E. Gordon, Assistant United States Attorney, Tucson, Arizona, for the plaintiff-appellee.

Before: LAY,[1] PREGERSON, and HAWKINS, Circuit Judges.

PREGERSON, Circuit Judge:

Oscar Saenz appeals his jury conviction for assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. §§ 1153 and 113(a)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and because of an intervening and recent en banc decision, *United States v. James*, 169 F.3d 1210 (9th Cir.1999) (en banc), unavailable to the district court at the time of its ruling, we reverse Saenz's conviction.

---

1. Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

2. The district court ruled that the defendant could introduce opinion evidence that the victim was violent or quarrelsome and evidence that the victim actually displayed brass

## FACTS AND PRIOR PROCEEDINGS

Saenz was indicted on a single count of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 1153 and 113(a).

Before trial, Saenz gave the government notice that he would introduce the following self-defense evidence: (1) that the victim had bragged to him about his fighting prowess; (2) that he was aware, at the time the assault was committed, that the victim had recently been carrying brass knuckles and a piece of pipe for the purposes of assaulting a relative; and (3) that he had, on the day of the assault, refused to participate in a series of illegal activities initiated by the victim. The government filed a motion in limine to preclude the proffered evidence under Rule 404(b). Saenz opposed the government's motion.

Relying on *United States v. Keiser*, 57 F.3d 847 (9th Cir.1995), the district court granted the government's motion to preclude evidence of Saenz's knowledge of the victim's specific acts of misconduct.[2] The district court also granted the government's motion to preclude evidence that Saenz had spent the day thwarting the victim's illegal activities, including burglary, shoplifting, and transportation of undocumented persons.

At trial, the defense presented evidence that Saenz, the victim, and a third person had traveled to Mexico on the day of the offense. They all drank heavily and also took prescription pain medication. Saenz and the victim had several confrontations throughout the day, which culminated in an incident at Saenz's house. When Saenz told the victim not to come in his house, the victim "used the four-letter word, and he said, what are you going to do."[3]

---

knuckles or had a pipe on the day of the incident. The defendant offered no evidence on either subject.

3. Defense counsel had previously instructed Saenz not to use the four-letter word.

Saenz then hit the victim, "because [he] was scared of getting hurt since [he] had this bandage on [his] leg and on [his] back." Saenz chased the victim out of his house and continued hitting him, although he did not remember hitting the victim with a rock. Saenz sustained minor injuries. *See id.* In addition, both Saenz and his girlfriend testified about Saenz's poor physical health.

After the defense rested, the district court held that Saenz was not entitled to a self-defense instruction because no rational jury could find, on the basis of the evidence, that the Saenz had acted in self defense.

The jury found Saenz guilty as charged, and the court sentenced him to 37 months in prison and 36 months supervised release. He appeals his conviction.

## DEFENDANT'S KNOWLEDGE OF VICTIM'S PRIOR ACTS OF VIOLENCE

▮ The district court ruled as a matter of law that evidence of Saenz's knowledge of the victim's prior acts of violence was inadmissible. We review de novo. *See James*, 169 F.3d at 1213–14 (stating that standard of review for legal interpretations of the Federal Rules of Evidence is de novo).

▮ One of the elements of self defense is the defendant's reasonable belief that his use of force was necessary. *See Keiser*, 57 F.3d at 853. To support the reasonableness of his belief, Saenz sought to introduce evidence that he knew (1) that the victim had recently been carrying brass knuckles and a length of pipe, and (2) that the victim had sought to inflict serious injury on a relative because the relative had slighted him. The district court erred when it concluded that this evidence was inadmissible as a matter of law under Federal Rule of Evidence 404(b).

▮ Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts *is not admissible to prove the character* of a person in order to show action in conformity therewith. *It may, however, be admissible for other purposes,* such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(emphasis added). By its plain language, Rule 404(b) only prohibits evidence of other acts to prove the character of the person who committed the other acts and to prove that person's actions in conformity with that character. Rule 404(b) does *not* apply when a defendant seeks to introduce evidence *that he knew of* a victim's other acts to show the *defendant's state of mind.*

The district court incorrectly relied on *Keiser*, 57 F.3d 847, to conclude that Rule 404(b) prohibits the use of Saenz's knowledge of the victim's prior acts of violence to show Saenz's state of mind. *Keiser* does not apply. Although *Keiser* was a self-defense case, the issue in *Keiser* was not whether the victim's specific acts were admissible to show the *defendant's state of mind,* but rather whether the victim's specific acts were admissible to show the *victim's propensity* toward violence. *See id.* at 853. In *Keiser*, we expressly declined to reach the question "whether [the victim's] specific acts are admissible to bolster the assertion that the defendant's belief in the need for force was reasonable." 57 F.3d at 853. Because the specific act the defendant sought to introduce in *Keiser* occurred *after* the charged offense, there was no claim that the act was relevant to the defendant's state of mind at the time of the charged offense. Therefore, *Keiser* is inapposite.

Our recent en banc opinion addresses the admissibility of a victim's prior acts of violence to show the defendant's state of mind in a self-defense case. *See James*, 169 F.3d 1210. *James* involved a claim of self-defense to the charge of aiding and abetting manslaughter on an Indian reser-

vation. *See id.* at 1211. The district court in *James* ruled that the defendant could testify about the victim's prior acts of violence to show her state of mind, but that she could not introduce extrinsic evidence-court documents, a presentence report, and two police reports-corroborating her testimony. *See id.* at 1213. *James* holds that extrinsic evidence concerning the victim's past violent acts is admissible under Rule 404(b) to show defendant's state of mind. *See id.* at 1214–15.

In reaching this conclusion, we assumed that, in a self-defense case, a defendant may show her state of mind at the time of an attack by testifying that she knew about a victim's past acts of violence. In fact, we held that extrinsic corroborating evidence of the victim's acts of violence was also admissible to show the defendant's state of mind.[4] Having held the greater-that extrinsic corroborating evidence of the victim's acts of violence is admissible to show defendant's state of mind, we now hold the lesser-that a defendant claiming self defense may show his own state of mind by testifying that he knew of the victim's prior acts of violence. Therefore, the district court erred when it held that Saenz could not, as a matter of law, show his state of mind at the time of his attack by testifying that he knew about the victim's past acts.

■■■■ Moreover, the error was not harmless. By excluding the evidence, the district court prevented Saenz from supporting his claim of self-defense. Error cannot be harmless where it prevents the defendant from providing an evidentiary basis for his defense. *Cf. United States v. Thomas*, 134 F.3d 975, 980 (9th Cir.1998) (holding that erroneous exclusion of evidence regarding defendant's lack of criminal record was not harmless in prosecution for drug offenses in which defendant asserted entrapment).

4. In so holding, we noted that "corroboration of a key prosecution witness by the introduction of criminal records is permissible, even at the risk of some prejudice to the defendant.

Accordingly, Saenz's conviction is reversed.

## DEFENDANT'S REFUSAL TO PARTICIPATE IN VICTIM'S ILLEGAL ACTIVITIES

■■■ The district court also excluded evidence that Saenz had spent the day thwarting the victim's illegal activities as a matter of discretion under Federal Rule of Evidence 403. We review for an abuse of discretion. *See James*, 169 F.3d at 1213–14 (stating that the standard for review of discretionary evidentiary rulings is abuse of discretion).

Saenz sought to introduce evidence that the victim was angry at him because earlier that day he (1) had convinced a friend of theirs not to assist the victim in a burglary, (2) had refused to join the victim in a shoplifting scam, and (3) had objected to the victim's attempted transportation of undocumented persons over the border. Saenz argues that this exclusion was erroneous because it prevented him from setting the fight within its actual context.

We disagree. The district court did not abuse its discretion in concluding that the danger of unfair prejudice or confusion of the issues substantially outweighed the probative value of this evidence. *See United States v. Spencer*, 1 F.3d 742, 744 (9th Cir.1992) (giving district court's "wide latitude" when they balance the prejudicial effect of proffered evidence against its probative value). The district court did not prevent Saenz from testifying that the victim had exercised poor judgment all day and that conflicts arose between Saenz and the victim as the result of the victim's poor judgment. Saenz's failure to set the fight within its actual context through this latter sort of testimony cannot be attributed to the district court's ruling.

We should not have one rule for the prosecution and another for the defense." *James*, 169 F.3d at 1214–15 (citation omitted).

690

Therefore, the district court did not abuse its discretion in excluding evidence of the victim's illegal activities.

SELF–DEFENSE INSTRUCTION

Defendant also argues that the district court erred by refusing to instruct the jury on self defense. Because we reverse Saenz's conviction on the ground that the district court erred by excluding the prior acts evidence, we need not reach the issue whether the district court erred by refusing, on the basis of the evidence Saenz presented at his first trial, to give a self-defense instruction.

REVERSED.