UNITED STATES of America,
Plaintiff–Appellee,

v.

Gary Duane BRANUM, Defendant–
Appellant.

No. 01–10142.
D.C. No. CR–S–00–185–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 9, 2001.*

Decided Nov. 15, 2001.

Before FERNANDEZ, RYMER, and
WARDLAW, Circuit Judges.

MEMORANDUM **

Gary Duane Branum ("Branum") ap-
peals from his conviction by a jury for

---

* The panel finds this case appropriate for sub-
mission without oral argument pursuant to
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as 9th Cir. R. 36–
3 may provide.

perjury in violation of 18 U.S.C. § 1621. He argues that he was denied a fair trial because the district court rejected his proffered stipulation and permitted the government to introduce evidence of Branum's prior felony conviction and imprisonment for delivery of methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

 Branum was not denied a fair trial because the district court properly admitted evidence of his prior conviction, its drug-related nature, and his term of incarceration. This evidence was relevant to prove the elements of perjury. *See Old Chief v. United States*, 519 U.S. 172, 174, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (reviewing the district court's rejection of a proffered stipulation and admission of prior felony conviction evidence for an abuse of discretion); Fed.R.Evid. 401, 402. A witness testifying under oath commits perjury under 18 U.S.C. § 1621 if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

While serving as an expert witness in a court-martial proceeding, Branum used a resume stating he had been employed at two companies during a period of time when he was actually in prison for drug delivery. Evidence of this conviction and imprisonment was relevant in his subsequent prosecution for perjury to show that Branum lied when he testified his resume was accurate and up to date and that he did so willfully. Had the jury heard only that Branum was not working at either company during that time, as Branum's stipulation proffered, it might have concluded that Branum had merely forgotten that he was at a different company instead of being in the rather more memorable state prison. *See United States v. Kelly*, 540 F.2d 990, 994 (9th Cir.1976) ("Actual knowledge of falsity ordinarily must be inferred from circumstantial evidence.").

Furthermore, Branum's misrepresentations were material to the court-martial because they cast doubt upon the quality and credibility of his expert witness testimony. *See United States v. Gaudin*, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (A matter is "material" if it has "a natural tendency to influence ... the decision of the decisionmaking body ...." ) (internal quotation marks omitted). The drug-related nature of Branum's conviction raised questions as to his impartiality as a witness considering that the court-martial involved charges of drug abuse.

 The district court also did not abuse its discretion in admitting the evidence over Branum's objection that it was unduly prejudicial. *See* Fed.R.Evid. 403; *United States v. Saenz*, 179 F.3d 686, 689 (9th Cir.1999) (reviewing a ruling under Rule 403 for an abuse of discretion). Unfair prejudice occurs when "evidence [lures] the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. Here, the prior drug conviction and imprisonment went specifically to prove the elements of perjury. Branum was therefore not denied a fair trial.

**AFFIRMED.**