Carlo DE LOS REYES; Zora Noarbe; Anna Marie Ong; Grace Bacero; IRA Tefora, Plaintiffs—Appellees,

v.

Olivia DE MESA LINAYAO; Pleasant Care of Northern California, Inc., Defendants—Appellants,

and

George Santos LINAYAO; Good Samaritan Rehabilitation, Defendants.

No. 03–17078.

D.C. No. CV–01–20539–JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Nov. 10, 2004.

Sydney Jay Hall, Law Offices of Sydney Jay Hall, Burlingame, CA, for Plaintiffs–Appellees.

James F. Geary, Hunter Richey DiBenedetto & Brewer, Sacramento, CA, for Defendants–Appellants.

Before: CUDAHY,[*] GRABER and FISHER, Circuit Judges.

MEMORANDUM [**]

Defendants Pleasant Care of Northern California, Inc. ("PCNC"), a nursing care

---

[*] The Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

corporation, and Olivia De Mesa Linayao ("Linayao"), an employee of PCNC, appeal from a jury verdict for breach of contract, fraud and violations of California Business and Professions Code. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Defendants argue that several of the district court's trial management decisions—to allow plaintiffs to amend their complaint to state a new cause of action on the eve of trial, to allow trial exhibits and one witness that were not listed on a pretrial order and to deny defendants' request for a continuance—were in error. We review such decisions for abuse of discretion. *See Muckleshoot Tribe v. Lummi Indian Tribe,* 141 F.3d 1355, 1358 (9th Cir.1998). Plaintiffs' last minute production of disorganized documents and late disclosure of a witness are troublesome in light of Rule 16 and the court's pretrial order. Nevertheless, given the broad deference we afford district courts in managing their cases, we are satisfied that the court's decisions did not constitute an abuse of discretion.

Defendants argue that the district court's decision to allow plaintiffs to introduce evidence of defendant Linayao's criminal conviction for a "pattern and practice of hiring unauthorized aliens, aiding and abetting," an accompanying plea agreement and a restitution order was error. *See* 8 U.S.C. § 1324a(a)(1)(A), 1324a(f)(1), 18 U.S.C. § 2. We review this evidentiary ruling for abuse of discretion, *see United States v. Saenz,* 179 F.3d 686, 689 (9th Cir.1999), and find none. This evidence was relevant to plaintiffs' civil claims, because both the civil and criminal cases related to the identical unlawful immigration scheme. Linayao's guilty plea and subsequent judgment constituted an admission to the very facts at issue in this civil action, and the restitution agreement named these plaintiffs.

Defendants argue that the district court's application of California Business and Professions Code § 22446.5's treble damages provision was unconstitutional because the award of damages included pain and suffering damages. *See Balmoral Hotel Tenants Association v. Lee,* 226 Cal.App.3d 686, 276 Cal.Rptr. 640, 647 (1990) ("mandatory trebling of damages for mental suffering may under unusual circumstances ... produce constitutionally excessive penalties ...") (internal quotation marks omitted). We review this issue of law de novo. *United States v. Carranza,* 289 F.3d 634, 643 (9th Cir.2002). Given the amount of the damages award and the conduct at issue, the treble damages award raises no due process concerns.

Finally, defendants argue that the district court erred when it concluded that the jury found defendant Pleasant Care of Northern California separately liable for breach of contract, fraud and violations of California Business and Professions Code. Defendants contend that the jury found PCNC *vicariously* liable, and thus that the damages awarded against it cannot exceed those awarded against individual defendant Linayao. We review the jury's verdict and award of damages to determine whether it was supported by substantial evidence. *Gilbrook v. City of Westminster,* 177 F.3d 839, 856 (9th Cir.1999). We agree with the district court that, from the evidence, the jury reasonably could have found PCNC separately liable and awarded a greater amount of damages against it than against Linayao.

**AFFIRMED.**