**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis MONTIEL–SANCHEZ,**
**Defendant–Appellant.**

No. 05–30038.

D.C. No. CR–04–00134–001–JLR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 24, 2006.

Decided March 17, 2006.

Michael Dion, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Robert H. Gombiner, Federal Public Defender's Office Western District of Washington, Seattle, WA, for Defendant–Appellant.

Before RAWLINSON, and CLIFTON,

Circuit Judges, and MARSHALL,* District Judge.

## MEMORANDUM**

Appellant, Luis Montiel–Sanchez, appeals his conviction and sentence imposed for his multiple violations of 21 U.S.C. § 841, as well as a violation of 18 U.S.C. § 924(c)(1)(A)(i). Montiel–Sanchez contends that his Fifth and Sixth Amendment rights were violated when the district court refused to permit him to present evidence concerning the quantity of drugs at issue during the "sentencing" phase of his bifurcated jury trial.

The Government's opposition does not turn on the issue of whether Montiel–Sanchez had a *right* to present evidence to the jury regarding drug quantity in the first instance. Rather, the Government argues that Montiel–Sanchez was afforded ample opportunity to present such evidence during the "guilt" phase. However, because so much of the discussion regarding the manner in which the bifurcated proceedings would be conducted took place "off the record," we cannot assume that Montiel–Sanchez was aware that he would not be allowed to present evidence at the sentencing phase. Therefore, we find that the district court erred in refusing to grant Montiel–Sanchez's request to present that evidence.[1]

Had Montiel–Sanchez been allowed to present testimony on the issue of how the amount and prices of the drugs were negotiated, and, then, proceeded to argue a "sentencing entrapment" theory, it is not clear, beyond a reasonable doubt, that the jury would have agreed on an amount of methamphetamine of fifty (50) grams or more. *See United States v. Boulware*, 384 F.3d 794, 808 (9th Cir.2004) ("If the error amounts to a constitutional violation, we apply the 'harmless beyond a reasonable doubt' standard.") (citation omitted). Concomitantly, a finding that the methamphetamine involved was less than 50 grams would have removed Montiel–Sanchez from the purview of 21 U.S.C. § 841(b)(1)(A) and the corresponding mandatory minimum sentence of 10 years and maximum of life imprisonment. Thus, the district court's error was not harmless. *Cf. United States v. Saenz*, 179 F.3d 686, 689 (9th Cir.1999) (holding that "[e]rror cannot be harmless where it prevents the defendant from providing an evidentiary basis for his defense") (citation omitted).[2]

Because the district court's failure to allow Montiel–Sanchez to present evidence regarding the drug quantity attributable to him was not harmless error, we vacate the sentence imposed and remand the case to the district court for resentencing. The district court should convene a new sentencing jury to determine the drug quantity under 21 U.S.C. § 841(b)(1).[3] *See United States v. Thomas*, 355 F.3d 1191, 1198 (9th Cir.2004). Montiel–Sanchez could also waive his right to a jury determination and allow the Court to find the statutory

---

* The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In fact, the Government conceded at trial that the district court's failure to allow further presentation of evidence might constitute error on appeal, and, thus, withdrew its objection to Montiel–Sanchez's request.

2. Because we find that the district court's error was not "harmless," we need not reach the question as to whether it was also "structural."

3. The Government conceded that this is an appropriate remedy under the peculiar facts of this case.

drug quantity. *See United States v. Gonzalez–Flores,* 418 F.3d 1093, 1102–03 (9th Cir.2005).

**SENTENCE VACATED AND REMANDED.**