Christian C. Weinmann, Karr Tuttle
Campbell, Seattle, WA, for Appellant.

John M. Hugg, Avantlaw, Seattle, WA,
for Appellee.

Before: B. FLETCHER,
KLEINFELD, and GOULD, Circuit
Judges.

MEMORANDUM *

Under *Espinosa v. United Student Aid
Funds, Inc.*, 553 F.3d 1193 (9th Cir.2008),
which came down after the bankruptcy

appellate panel had ruled, the provisions of
the confirmed plan have preclusive effect.
*Espinosa* controls. It expressly overruled
the bankruptcy appellate panel decision in
this case. *Id.* at 1204 n. 6. Accordingly,
the judgment of the bankruptcy appellate
panel is vacated. We are a second, inde-
pendent reviewer of the bankruptcy court.
*Miller v. Cardinale (In re DeVille)*, 361
F.3d 539, 547 (9th Cir.2004). Following
*Espinosa*, we affirm the bankruptcy
court's decision.

JUDGMENT BELOW VACATED;
BANKRUPTCY COURT AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge Alberto MELARA–GUZMAN,
Defendant–Appellant.**

**No. 06–50632.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Dec. 1, 2008.

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by Ninth Circuit Rule 36–3.

Curtis Arthur Kin, Esquire, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esquire, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GRABER and CLIFTON, Circuit Judges, and REED,* District Judge.

### MEMORANDUM **

Jorge Alberto Melara–Guzman ("Melara–Guzman") appeals his sentence for illegal reentry after removal for conviction of an aggravated felony under 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ Melara–Guzman first argues that the district court failed to resolve a factual dispute regarding the presentence report, in violation of Federal Rule of Criminal Procedure 32 ("Rule 32"). A district court's compliance with Rule 32 is reviewed de novo. *United States v. Thomas*, 355 F.3d 1191, 1194 (9th Cir.2004). Ninth Circuit precedent requires "strict compliance" with Rule 32. *United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).

Here, Melara–Guzman asserts that the district court failed to resolve a factual dispute regarding allegations that he participated in a gang rape, contained in the "Other Criminal Conduct" section of the presentence report. Prior to the sentencing hearing, Melara–Guzman had objected that because he was never prosecuted for the gang rape, these allegations were so unreliable that they should not be considered during sentencing.

Melara–Guzman's assertion that the district court did not rule on the objection is not supported by the record: the district court overruled Melara–Guzman's objection. The district court explicitly stated during the sentencing hearing that Melara–Guzman's past criminal conduct included "serious crimes involving a child and involving the gang rape of a 24–year–old woman." Although the district court never stated that it was overruling Melara–Guzman's objection in so many words, the district court's comment resolved the factual dispute within the meaning of Rule 32, finding the allegations sufficiently reliable so that they need not be disregarded. That the district court did not reiterate or further clarify its findings on the matter when defense counsel renewed the objection has no effect on our Rule 32 analysis.

■ Melara–Guzman further argues that his sentence was unreasonable because it was based on clearly erroneous facts. *Gall v. United States*, —— U.S.

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Specifically, Melara–Guzman argues that the district court selected its sentence, at least in part, on the understanding that the alleged gang rape took place after Melara–Guzman had reentered the United States after having been removed. In fact, Melara–Guzman's first removal occurred several weeks after that incident.

It does not appear from the transcript of the sentencing hearing that the district court imposed its sentence based on such an erroneous understanding of Melara–Guzman's record. Although the district court does make one statement that is ambiguous and open to the interpretation Melara–Guzman suggests, that statement is also open to other interpretations. More importantly, the record as a whole shows that the district court was well aware of the timeline of Melara–Guzman's criminal and immigration history. Furthermore, it does not appear that the sentence was selected primarily, or even secondarily, on the basis of the alleged gang rape. The district court explained the primary bases of its ruling—Melara-Guzman's history of returning to the United States after being removed, his numerous convictions for serious crimes committed in the United States, and the likelihood that this pattern would be repeated—at length. But the district court made no mention of the gang rape: the only mention of that incident is the fleeting remark made earlier, during argument. It therefore does not appear that the district court selected the sentence imposed based on a clearly erroneous fact.

■ Melara–Guzman also argues that his sentence is unreasonable because the district court failed to adequately consider the "history and characteristics of the defendant," pursuant to 18 U.S.C. § 3553(a)(1). This argument is unpersua-sive. The district court need only explain itself sufficiently to permit meaningful appellate review. *United States v. Carty,* 520 F.3d 984, 992 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). Here, the district court stated "I have considered all of the 3553(a) factors," and further commented in detail about some of them. The district court specifically discussed the evidence relating to Melara–Guzman's history and background, and his life in both America and El Salvador. This district court further noted Melara–Guzman's physical and mental health problems. This is more than adequate consideration of the § 3553(a) factors. *See Carty,* 520 F.3d at 992 ("A within-Guidelines sentence ordinarily needs little explanation. . . .").

Melara–Guzman also challenges the constitutionality of the statute pursuant to which he was sentenced, 8 U.S.C. § 1326(b)(2). In *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court upheld that statute as constitutional. *Id.* at 239–47. Melara–Guzman argues that decisions since *Almendarez–Torres* have "undercut the holding" in that case. However, the Ninth Circuit has found itself still bound by *Almendarez–Torres.* *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2001). Thus, Melara–Guzman's arguments relating to the constitutionality of 8 U.S.C. § 1326(b) fail.

■ Melara–Guzman's challenge to the terms and conditions of his supervised release is similarly foreclosed by recent Ninth Circuit precedent. One of the conditions of his supervised release requires that, if he should reenter the United States after serving his term of imprisonment and then being removed from the country, he must report to the Probation

Office "for instructions" within 72 hours. Melara–Guzman argues that this condition violates his Fifth Amendment right against self-incrimination. In *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 771–73 (9th Cir.2006), the Ninth Circuit rejected this argument with regard to an identical reporting condition. Melara–Guzman's attempts to distinguish that case are unavailing.

AFFIRMED.