# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　　v.

JUAN EMANUEL LOCOCO, a/k/a JOHN
LOCOC; JUAN EMANUEL LOCOC;
JOVANNI JOHN LOCOCO; JUAN DE LA
ROSA LOCOC; JUAN LOCOCO,
　　　　　*Defendant-Appellant.*

No. 05-50550
D.C. No.
CR-03-00687-RGK-
02

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　　v.

JUAN EMANUEL LOCOCO, a/k/a JOHN
LOCOC; JUAN EMANUEL LOCOC;
JOVANNI JOHN LOCOCO; JUAN DE LA
ROSA LOCOC; JUAN LOCOCO,
　　　　　*Defendant-Appellant.*

No. 05-50552
D.C. No.
CR-03-00689-RGK-
02

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　　v.

JOHN D. EDWARDS, JR., a/k/a Seal
A; Cabbage; Junior,
　　　　　*Defendant-Appellant.*

No. 05-50590
D.C. No.
CR-03-00689-RGK-
1

1337

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

                    v.

CHARLOTTE VENIA JACKSON, a/k/a
CHARLOTTE RENE JACKSON,
CHARLETTE TINA JACKSON,
CHARLOTTE VENDA JACKSON, TINA
JACKSON, NICJNEY HONES,
CHARLOTTE VENRA JACKSON,
RENADA JOHNSON, CHARLOTTE VENA
JACKSON, RICKNEY HONES, NICKEY
JONES, RENADA CARLETTE JOHNSON,
RENADA C. JACKSON, RENADA
CARLOTTE JOHNSON, RENADA
CHARLOTTE JOHNSON, CHARLOTTE
VENIA JACKSON, NIGKNEY JOHNES;
TINA FLY,
                    *Defendant-Appellant.*

No. 05-50721
D.C. No.
CR-03-00687-RGK-
03

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

CHARLOTTE VENIA JACKSON, a/k/a
CHARLOTTE RENE JACKSON,
CHARLETTE TINA JACKSON,
CHARLOTTE VENDA JACKSON, TINA
JACKSON, NICKNEY JONES,
CHARLOTTE VENRA JACKSON,
RENADA JOHNSON, CHARLOTTE VENA
JACKSON, RICKNEY JONES, NICKEY
JONES, RENADA CARLETTE JOHNSON,
RENADA C. JACKSON, RENADA
CARLOTTE JOHNSON, RENADA
CHARLOTTE JOHNSON, CHARLOTTE
VENIA JACKSON, NIGKNEY JOHNES;
TINA FLY,
          *Defendant-Appellant.*

No. 05-50722

D.C. No.
CR-03-00689-RGK-
03

ORDER AND
AMENDED
OPINION

Appeals from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted
October 19, 2007—Pasadena, California

Filed December 27, 2007
Amended January 28, 2008

Before: Alex Kozinski, Chief Judge, A. Wallace Tashima
and M. Margaret McKeown, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Gretchen Fusilier, Carlsbad, California, for defendant-appellant Juan Emanuel Lococo.

Alissa Sawano Peterson, Irvine, California, for defendant-appellant John D. Edwards, Jr.

Philip Deitch, Van Nuys, California, for defendant-appellant Charlotte Venia Jackson.

Jennifer A. Corbet, Kevin S. Rosenberg and Thomas P. O'Brien, Assistant U.S. Attorneys; George S. Cardona, Acting U.S. Attorney, Los Angeles, California, for plaintiff-appellee.

**ORDER**

The opinion filed December 27, 2007 is ordered amended. The following paragraph, which appears on page 16760 of the slip opinion, is deleted:

> Though Lococo denied knowing that his co-conspirators converted the powder cocaine he sold them into crack cocaine, he admitted that he joined a conspiracy to distribute crack. The district court therefore didn't violate the Sixth Amendment when it sentenced him based on the crack his co-conspirators distributed. *See United States* v. *Mercado Irizarry*, 404 F.3d 497, 504 (1st Cir. 2005)

("[T]he maximum statutory penalty available to the district court at sentencing for a defendant convicted of a drug conspiracy is based on the drug quantity and amount . . . attributable to the conspiracy as a whole.").

In its place, the following paragraphs are inserted:

The district court sentenced Lococo under 21 U.S.C. § 841(b)(1)(B) based on the amount of crack "involved" in the conspiracy, but didn't find that Lococo knew or could reasonably have foreseen that the conspiracy involved crack. This was error. We have held that section 841(b)'s enhancement can only be based on the type and quantity of drugs that "either (1) fell within the scope of the defendant's agreement with his coconspirators or (2) [were] reasonably foreseeable to the defendant." *United States* v. *Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003). Though at least one other circuit disagrees with our interpretation of this statute, *United States* v. *Mercado Irizarry*, 404 F.3d 497, 503-04 (1st Cir. 2005), we are bound by *Banuelos*.

Lococo didn't admit that he knew or could reasonably foresee that the conspiracy involved crack cocaine. Quite the contrary, he repeatedly denied it.[1] So even if the district court had made the findings required by *Banuelos*, those findings would have violated *Apprendi* v. *New Jersey*, 530 U.S. 466

---

[1] Though Lococo's plea agreement admits he joined a conspiracy to distribute crack, Lococo also struck language from that agreement that would have admitted knowledge that his conspirators converted the powder he sold them into crack. The agreement is therefore ambiguous, but we construe ambiguities in favor of defendants. *United States* v. *Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002). Lococo reasonably believed that he wasn't admitting to have agreed to, or to have reasonably foreseen, the conspiracy's involvement with crack. *See id.*

(2000), by exposing Lococo to a higher statutory maximum based on facts he never admitted. *United States* v. *Thomas*, 355 F.3d 1191, 1201 (9th Cir. 2004). Lococo preserved his claim of *Apprendi* error by raising the objection in his sentencing memorandum.

Lococo does admit he knew about the conspiracy's involvement with powder cocaine, and the government claims there is evidence of enough powder cocaine to justify the section 841(b)(1)(B) enhancement and render the *Apprendi* error harmless.[2] But the district court hasn't yet made findings as to the amount of powder cocaine involved in the conspiracy, so we cannot tell whether the government is correct. We therefore vacate Lococo's sentence and remand for re-sentencing. On remand, the district court may only base a section 841(b)(1)(B) enhancement on the quantity of powder cocaine involved in the conspiracy—because it is only powder cocaine that Lococo admits he knew about. *See Banuelos*, 322 F.3d at 704.

The final line on page 16760 of the slip opinion is amended to read:

**DISMISSED in part, AFFIRMED in part, VACATED in part and REMANDED in part.**

The filing of this order starts anew the running of deadlines for filing any petition for rehearing or petition for rehearing en banc.

---

[2]Lococo's statements at sentencing could be interpreted as an admission that he knew of the conspiracy's involvement with crack, but we do not consider any such admission in assessing whether the *Apprendi* error was harmless. *United States* v. *Nordby*, 225 F.3d 1053, 1061 n.6 (9th Cir. 2000), *overruled on other grounds by United States* v. *Buckland*, 277 F.3d 1173, 1182 (9th Cir. 2002) (en banc).

# OPINION

PER CURIAM:

Defendants pled guilty to conspiring to possess and distribute cocaine. We consider the government's application for the wiretap on which its case was built, an allegation of prosecutorial misconduct and the constitutionality of defendants' sentences.

**[1] 1.**   The wiretap application describes the investigative techniques the police tried and explains how they failed: Confidential informants were either incarcerated, unwilling to testify or else distrusted by the targets; efforts to recruit other informants failed; and attempts to gather evidence by other means—including direct and hidden surveillance, trash searches and searches of paroled gang members' homes—yielded nothing. Defendants haven't shown any basis to doubt the application's representations. "Law enforcement officials need not exhaust every conceivable investigative technique before seeking a wiretap order." *United States* v. *Staves*, 383 F.3d 977, 982 (9th Cir. 2004). The district court didn't abuse its discretion in finding that the application justified the wiretap.

**[2] 2.**   Defendants haven't shown that the wiretap application contained false statements or material omissions, so there was no need for a hearing under *Franks* v. *Delaware*, 438 U.S. 154 (1978). The claim that Special Agent King reviewed Jackson's calls since March 2002 isn't demonstrably false; though the police's pen register authority only began in July of that year, King also had Jackson's telephone toll records, which may have reached back to March. Nor did the application understate informant CS-1's closeness to Jackson; on the contrary, it acknowledged that CS-1 could buy drugs from her.

Though the application didn't mention that Jackson was in the Blood Stone Villains gang, that didn't matter; the point

was that Jackson's boyfriend was in the target Pueblo Street Bishops gang. Nor was there any reason for the application to mention Lococo or the sources close to him, as he wasn't the wiretap's target.

**[3] 3.** Defendants haven't shown that the government's failure to produce its recordings of Lococo's phone calls prejudiced anyone's defense or affected anyone's decision to plead guilty. *See United States* v. *Tucker*, 8 F.3d 673, 675 (9th Cir. 1993). The district court didn't abuse its discretion by not dismissing the indictment.

**[4] 4.** In his plea colloquy, Lococo waived his right to have a jury determine the amount of drugs the conspiracy sold. There was no need for the district court to advise him of this right at sentencing.

**[5]** Lococo's plea agreement reserved the government's right to "supplement the facts stipulated" and to "seek any sentence within the statutory maximum," so offering additional evidence at sentencing didn't breach the agreement.

**[6]** The district court sentenced Lococo under 21 U.S.C. § 841(b)(1)(B) based on the amount of crack "involved" in the conspiracy, but didn't find that Lococo knew or could reasonably have foreseen that the conspiracy involved crack. This was error. We have held that section 841(b)'s enhancement can only be based on the type and quantity of drugs that "either (1) fell within the scope of the defendant's agreement with his coconspirators or (2) [were] reasonably foreseeable to the defendant." *United States* v. *Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003). Though at least one other circuit disagrees with our interpretation of this statute, *United States* v. *Mercado Irizarry*, 404 F.3d 497, 503-04 (1st Cir. 2005), we are bound by *Banuelos*.

Lococo didn't admit that he knew or could reasonably foresee that the conspiracy involved crack cocaine. Quite the con-

trary, he repeatedly denied it.[1] So even if the district court had made the findings required by *Banuelos*, those findings would have violated *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000), by exposing Lococo to a higher statutory maximum based on facts he never admitted. *United States* v. *Thomas*, 355 F.3d 1191, 1201 (9th Cir. 2004). Lococo preserved his claim of *Apprendi* error by raising the objection in his sentencing memorandum.

[7] Lococo does admit he knew about the conspiracy's involvement with powder cocaine, and the government claims there is evidence of enough powder cocaine to justify the section 841(b)(1)(B) enhancement and render the *Apprendi* error harmless.[2] But the district court hasn't yet made findings as to the amount of powder cocaine involved in the conspiracy, so we cannot tell whether the government is correct. We therefore vacate Lococo's sentence and remand for re-sentencing. On remand, the district court may only base a section 841(b)(1)(B) enhancement on the quantity of powder cocaine involved in the conspiracy—because it is only powder cocaine that Lococo admits he knew about. *See Banuelos*, 322 F.3d at 704.

[8] **5.** Edwards admitted that he joined a conspiracy to

---

[1]Though Lococo's plea agreement admits he joined a conspiracy to distribute crack, Lococo also struck language from that agreement that would have admitted knowledge that his conspirators converted the powder he sold them into crack. The agreement is therefore ambiguous, but we construe ambiguities in favor of defendants. *United States* v. *Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002). Lococo reasonably believed that he wasn't admitting to have agreed to, or to have reasonably foreseen, the conspiracy's involvement with crack. *See id.*

[2]Lococo's statements at sentencing could be interpreted as an admission that he knew of the conspiracy's involvement with crack, but we do not consider any such admission in assessing whether the *Apprendi* error was harmless. *United States* v. *Nordby*, 225 F.3d 1053, 1061 n.6 (9th Cir. 2000), *overruled on other grounds by United States* v. *Buckland*, 277 F.3d 1173, 1182 (9th Cir. 2002) (en banc).

distribute over 50 grams of crack cocaine and that he had a prior drug felony trafficking conviction. Because those admissions suffice to support a sentence of life in prison, *see* 21 U.S.C. § 841(b)(1), the additional facts the court found at sentencing didn't increase the maximum sentence for which he was eligible. The court's fact-finding therefore did not violate *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000).

**[9] 6.**    In their plea agreements, Lococo and Edwards waived the right to appeal their sentences. Edwards claims his waiver wasn't valid, but his plea colloquy shows he waived the right knowingly and voluntarily. These waivers bar defendants from appealing the district court's interpretation of the Guidelines, its calculation of the Guidelines range, its alleged failure to consider the sentencing factors in 18 U.S.C. § 3553(a), and the reasonableness of the sentences imposed. We therefore dismiss these portions of defendants' appeals.

**DISMISSED in part, AFFIRMED in part, VACATED in part and REMANDED in part.**