MEMORANDUM *
Joshua Nathan Bestwina appeals his jury conviction for distribution of methamphetamine and conspiracy to distribute methamphetamine, and the 120-month sentence imposed by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We decline to address Bestwina’s ineffective assistance of counsel claim, and we affirm the district court’s denial of his motion for a new trial. However, we vacate Bestwina’s sentence and remand for resentencing.
“[A]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal,” and neither exception to this general rule applies here. United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir.2005).[1] The record on appeal is not “sufficiently developed to allow determination of the issue,” and the legal representation was not so inadequate that it obviously denied Bestwina his Sixth Amendment right to counsel. Id. at 1156.
Although it is a close question, we conclude that the district court did not abuse its discretion in denying Bestwina’s motion for a new trial. The evidence of Bestwi- *149 na’s involvement in the conspiracy is not significant, but it is sufficient to sustain the district court’s finding that a new trial would not result in an acquittal. See United States v. George, 420 F.3d 991, 1000 (9th Cir.2005) (setting forth the requirements for a defendant to prevail on a new trial motion based on newly discovered evidence).
The drug quantity finding on the conspiracy count constituted plain error. Fed.R.Crim.P. 52(b). The jury verdict form erroneously allowed the jury to find drug quantity based on a finding that the conspiracy “contemplated” distribution of more than 500 grams of methamphetamine, thus focusing on “the entire quantity of drugs distributed by the conspiracy.” United States v. Banuelos, 322 F.3d 700, 704 (9th Cir.2003). Instead, the jury should have been asked to determine the drug quantity that “fell within the scope of’ Bestwina’s agreement with his cocon-spirators, or that “was reasonably foreseeable to” Bestwina. Id.; see also United States v. Lococo, 514 F.3d 860, 865 (9th Cir.) (per curiam) (holding that the district court erred in sentencing the defendant based on the amount of crack “involved” in the conspiracy, without finding that the defendant knew or reasonably could have foreseen that the conspiracy involved crack), cert. denied sub nom. Edwards v. United States, — U.S. -, 129 S.Ct. 141, 172 L.Ed.2d 106 (2008).
The error was plain because Banuelos was decided in 2003, well before the trial in this case. The error also affected Be-stwina’s substantial rights because it exposed him to the ten-year mandatory minimum sentence and a maximum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A), rather than the five-year minimum and forty-year maximum under § 841(b)(1)(B). The jury specifically found that Bestwina did not personally distribute more than 500 grams of a substance containing methamphetamine. Accordingly,the 500 gram finding under the conspiracy count exposed Bestwina to the higher mandatory statutory minimum sentence and higher statutory maximum sentence.
In addition, the error “ ‘seriously affects the fairness, integrity, or public reputation of judicial proceedings.’ ” United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). The district court repeatedly expressed its concern that the ten-year mandatory minimum sentence was draconian and inappropriate, given the strong evidence of Bestwina’s rehabilitation following his state conviction and his minor role in the conspiracy. We therefore exercise our discretion to notice the forfeited error. See id.
The judgment of conviction is AFFIRMED; the sentence is VACATED and REMANDED for resentencing.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the complicated factual and procedural background, we do not recite it here, except as necessary to aid in understanding this disposition.