**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10332 |
| Plaintiff - Appellee, | D.C. No. CR-05-00314-1-FJM |
| v. | |
| JOSE ALVARO AGUILERA-MENDOZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted April 14, 2010[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, CALLAHAN, Circuit Judge, and MARTINEZ,
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, sitting by designation.

Contrary to Aguilera's assertions, the district court informed him that pleading guilty would constitute a waiver of his right to have the government prove to a jury the elements of the crime and the amount of the drugs charged in the indictment beyond a reasonable doubt. *See United States v. Thomas*, 355 F.3d 1191, 1197 (9th Cir. 2004). Further, Aguilera admitted personally supplying the charged amount of drugs. *See United States v. Lococo*, 514 F.3d 860, 865 (9th Cir. 2008) (per curiam). Nothing in the record supports his contention that his plea was "coerced" by the court or the government.

The district court properly overruled Aguilera's objection to the pre-sentence report's recommended leadership role adjustment, and to the extent Aguilera objected to its calculation of drug quantity, the district court ruled on that issue as well when it reaffirmed its conclusion that 38 was the correct base offense level. Aguilera did not raise any specific factual disputes regarding either issue that required resolution by the district judge. *See United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008).

Finally, contrary to Aguilera's assertion, the district court gave him sufficient opportunity to allocute. *See United States v. Marks*, 530 F.3d 799, 813 (9th Cir. 2008). Aguilera points to no authority that says the opportunity to allocute must come at some early stage in the sentencing proceedings. A judge

2

only has to let defendants speak "[b]efore imposing [a] sentence."  Fed. R. Crim. P. 32(i)(4)(A).

Aguilera's conviction and sentence are **AFFIRMED**.