**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN EMANUEL LOCOCO, a.k.a. Seal B, a.k.a. Johnny, a.k.a. Big Man,

Defendant - Appellant.

Nos. 08-50494, 08-50542

D.C. Nos. 2:03-cr-00689-RGK
2:03-cr-00687-RGK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Juan Emanuel Lococo appeals from the 168-month and 41-month concurrent

sentences imposed following his guilty-plea conviction for conspiracy to possess

with intent to distribute, and to distribute cocaine and cocaine base, in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

In *United States v. Lococo*, 514 F.3d 860 (9th Cir. 2007) (per curiam), we vacated Lococo's sentences and remanded for resentencing because the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by basing its sentences on findings as to the amount of crack cocaine involved in the conspiracy when "Lococo didn't admit that he knew or could reasonably foresee that the conspiracy involved crack cocaine." *Id.* at 865. We stated that "[o]n remand, the district court may only base a [21 U.S.C.] section 841(b)(1)(B) enhancement on the quantity of powder cocaine involved in the conspiracy[.]" *Id.* at 866.

Contrary to Lococo's contentions, the district court did not violate this court's mandate by sentencing Lococo in case number 03-cr-00689 under section 841(b)(1)(A) rather than section 841(b)(1)(B). The district court's sentence of 14 years was well within the 40-year statutory maximum applicable under section 841(b)(1)(B). Nor did the district court violate this court's mandate by finding a greater quantity of powder cocaine on remand than it implicitly found at Lococo's original sentencing. The general rule is that, if a district court errs in sentencing, this court remands for resentencing "on an open record—that is, without limitation

2                                                                    08-50494

on the evidence that the district court may consider." *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc).

Lococo's contention that the district court again committed reversible error under *Apprendi* also fails. First, with regard to case number 03-cr-00689, Lococo's 14-year sentence was well within the 40-year statutory maximum at 21 U.S.C. § 841(b)(1)(B) for the amount of powder cocaine charged in the indictment. Any error was accordingly harmless. *Cf. United States v. Banuelos*, 322 F.3d 700, 706 (9th Cir. 2003) (finding prejudice to defendant where actual sentence imposed by court exceeded statutory maximum authorized by guilty plea). Second, the district court's finding as to powder cocaine quantity in case number 03-cr-00687 did not expose Lococo to a greater statutory maximum than that applicable to the powder cocaine quantity charged in the indictment. Third, Lococo's contention that the district court again improperly based its sentence on findings as to the crack cocaine quantity for which Lococo was responsible is belied by the record.

As we held in Lococo's first appeal, *see Lococo*, 514 F.3d at 866, Lococo's plea agreement included a valid appeal waiver. The waiver precludes us from addressing the merits of Lococo's remaining contentions.

**AFFIRMED** in part; **DISMISSED** in part.