**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50407 |
| Plaintiff - Appellee, | D.C. No. 8:05-cr-00107-JVS-3 |
| v. | |
| MANUEL TORRES, Jr., AKA Seal C, AKA Creeper, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California

Submitted July 12, 2010[**]
Pasadena, California

Before: FARRIS, HALL and SILVERMAN, Circuit Judges.

Manuel Torres, Jr. appeals his sentence of 121-months' imprisonment

following a guilty plea to one count of conspiracy to violate 18 U.S.C. § 1962(d).

Torres challenges the use of the 2006 Sentencing Guidelines, the lack of an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment 706 adjustment to his sentence, and the substantive reasonableness of his sentence. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

In reviewing Torres' sentence we first consider "whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We review the district court's interpretation of the Guidelines *de novo*, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion. *United States v. Alderman*, 601 F.3d 949, 951 (9th Cir. 2010). Because Torres failed to raise his procedural error arguments in the district court, we review his arguments for plain error. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 933 (9th Cir. 2009).

The first procedural error Torres complains of is the use of the 2006 Sentencing Guidelines in determining his sentencing range instead of the 2003 Guidelines.[1] *See Carty*, 520 F.3d at 993. He argues that there is no evidence to show that his participation in the conspiracy to commit murder or his drug offenses extended past November 1, 2004. If application of the current Guidelines would violate the Ex Post Facto clause then "the court shall use the version in

_____

[1]The 2006 Guideline provisions that cover Torres' offense conduct are identical to the 2004 Guidelines.

effect on the date that the offense was committed." *United States v. Rising Sun*, 522 F.3d 989, 992 n.1 (9th Cir. 2008) (citing USSG §§ 1B1.11).

The district court properly used the 2006 Guidelines. Torres admitted the date of the conduct in his plea colloquy. *See United States v. Cazares*, 121 F.3d 1241, 1248 (9th Cir. 1997); *United States v. Thomas*, 355 F.3d 1191, 1198 (9th Cir. 2004). Torres specifically admitted in the plea colloquy that he committed the acts charged in Count Two of the Indictment. Count Two charged Torres with conspiracy to commit murder and narcotics trafficking ending on November 12, 2004.

Torres argues further that there was procedural error because similarly situated defendants were given the 2003 Guidelines range. However, the district court indicated that while it was not convinced as to other defendants, in regards to Torres it had "found ample evidence that the overall conspiracy extended past November 1, 2004." The record supports the statement. Furthermore, the defendants Torres compares himself to are not similarly situated. They pled to a different Count in the indictment. The court's finding that the Count Two conspiracy extended until November 12, 2004 was not clearly erroneous. There was no plain error.

Torres argues next that he is entitled to an Amendment 706 adjustment to his narcotics trafficking base offense level calculation. Under Amendment 706, Torres' narcotics trafficking base offense level would have been reduced from 32 to 30. *See Kimbrough v. United States*, 522 U.S. 85, 100 (2007). The conspiracy to commit murder base offense level of 33 is higher that the narcotics trafficking base offense level. *See* USSG §§ 2A1.5. Any error in failing to adjust the narcotics trafficking base offense level down to 30 would be harmless. The sentencing court properly used the higher base offense level to calculate the Guideline range. *See* USSG § 2E1.1(a), Comment 1.

Torres also argues that his sentence is substantively unreasonable. We review sentencing decisions for an abuse of discretion. *Carty*, 520 F.3d at 993. Substantive reasonableness is viewed under "the totality of the circumstance[s]." *Id*. The district court explicitly addressed Torres' arguments in regards to Armenta and Holguin at sentencing. The district court's distinctions were not an abuse of discretion. Furthermore, the record demonstrates that the court considered all the § 3553(a) factors and did not give the Sentencing Guidelines undue weight. Nothing in the record suggests that the court abused its discretion.

Torres also argues that his sentence in relation to the sentences of co-defendants Armenta, Jiminez, and Flores is an unwarranted sentence disparity

between similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(6). We reject the argument since none of the co-defendants is similarly situated. Armenta and Jiminez pled to Count One, not Count Two. Armenta also had intellectual deficits. Torres trafficked in substantially more narcotics than Jiminez and Flores. Torres' sentence is not substantively unreasonable.

The district court did not commit plain error and did not abuse its discretion in imposing a sentence of 121-months' imprisonment on Torres.

AFFIRMED.